IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL COOK,

    Petitioner,           No. 2:10-cv-2489 KJM DAD (HC)

    vs.

DIRECTOR OF THE CALIFORNIA
DEPT. OF CORRECTIONS,         FINDINGS AND RECOMMENDATIONS

    Respondent.

         Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on petitioner's first amended petition, filed October 15, 2010, by which petitioner challenges a 2009 decision by the California Board of Parole Hearings (hereinafter "Board") to revoke his parole. Petitioner claims that his right to due process was violated when the Board conducted his hearing three days late, which prevented him from calling a witness to testify on his behalf. This matter is before the court respondent's motion to dismiss this action as moot. Respondent also contends that petitioner's claim that he was prevented from calling a witness to testify is unexhausted. Petitioner opposes the motion.

         The record contains the following evidence relevant to respondent's motion to dismiss. On November 16, 2009, petitioner's parole was revoked for absconding while on parole

1  and failing to register as a sex offender.  Motion to Dismiss (Doc. No. 22), filed May 23, 2011,
2  Ex. 1.  Petitioner was returned to custody for a period of twelve months.  Id.  On or about
3  October 7, 2010, petitioner was released from custody to parole.  Id., Ex. 2.  On March 28, 2011,
4  petitioner's parole was again revoked for failing to participate in sex offender treatment and
5  petitioner was returned to custody for seven months.  Id., Ex. 3.

6     In Spencer v. Kemna, 523 U.S. 1 (1998), the United States Supreme Court held
7  that a habeas corpus challenge to a parole revocation hearing is mooted by the petitioner's re-
8  release on parole following completion of the prison term imposed as a result of the parole
9  revocation.  See Nonnette v. Small,316 F.3d 872, 876 (9th Cir. 2002) (citing Spencer, 523 U.S. at
10 18.).  Here, petitioner has completed the prison sentence imposed with respect to the parole
11 revocation petitioner seeks to challenge in this action.  This federal habeas petition is therefore
12 moot and must be dismissed.

13    On April 7, 2011, petitioner filed a motion for temporary restraining order,
14 seeking immediate release from custody and an order preventing the California Department of
15 Corrections and Rehabilitation from arresting him or incarcerating him for another parole
16 violation.  For the reasons set forth above, this action is moot.  Moreover, the arrest of petitioner
17 and the subsequent parole revocation proceedings underlying petitioner's motion for temporary
18 restraining order are not placed at issue by the current federal habeas action which challenges
19 only the Board's 2009 decision to revoke his parole.  For these reasons, petitioner's request for
20 temporary restraining order should be denied.

21    Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United
22 States District Courts, "[t]he district court must issue or a deny a certificate of appealability when
23 it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254.  A certificate of
24 appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial
25 showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The court must either
26 /////

issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

Where, as here, the action is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

After reviewing the record herein, this court finds that petitioner has not satisfied the first requirement for issuance of a certificate of appealability in this case.  Specifically, there is no showing that jurists of reason would find it debatable whether this action is moot.  Accordingly, the district court should decline to issue a certificate of appealability.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's April 7, 2011 motion for temporary restraining order (Doc. No. 16) be denied;

2. Respondent's May 23, 2011 motion to dismiss (Doc. No. 22) be granted;

3. This action be dismissed as moot; and

4. The district court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

/////

/////

1  advised that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: November 7, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
cook2489.157